1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ASHTON KRUKOWSKI,

                                    Plaintiff,

        v.

LVMPD, et al.,

                                    Defendants.

Case No. 2:16-cv-01782-APG-PAL

**ORDER**

This matter is before the court on Plaintiff Ashton Krukowski's Notice of Complaint (ECF No. 1), filed July 26, 2016.  This Notice is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.  Also before the court is Plaintiff's Motion to Freeze Proceeding (ECF No. 8), which asks to freeze this case until appeal of his motion to dismiss counsel and appointment of alternate counsel is heard by the Nevada Supreme Court and "appeal to bound case over for civil proceeding has completed appealing."

Mr. Krukowski is a prisoner in the custody of the Clark County Detention Center ("CCDC") and is proceeding in this action *pro se*, which means that he is not represented by an attorney.  *See* LSR 2-1.  He submitted a Complaint (ECF No. 1-1) as part of his initiating documents, but did not pay the $400.00 filing fee or submit an application to proceed *in forma pauperis* ("IFP").  In order to proceed in this action without paying the standard filing fee, LSR 1-1 of the Local Rules of Practice and 28 U.S.C. § 1915 provide that a litigant must submit the Court's form IFP application.  Additionally, LSR 1-2 and § 1915 specifically require three items be submitted to this Court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her

1

1   inmate trust account statement for the six-month period prior to filing, and (3) a signed financial
2   affidavit showing an inability to prepay fees and costs or give security for them.

3       In general, when a district court grants a prisoner IFP status, federal law states that "the
4   prisoner shall be required to pay the full amount of the filing fee."  28 U.S.C. § 1915(b)(1).
5   Prisoners must pay an initial partial filing fee of the greater of twenty percent (20%) of the
6   average monthly deposits or twenty percent (20%) of the average monthly balance of his account
7   for the six months immediately preceding the start of this action.  *See* 28 U.S.C. § 1915(b)(1).
8   After the initial partial filing fee is paid, the facility having custody of the prisoner will forward
9   payments from the prisoner's account each month.  *See* 28 U.S.C. § 1915(b)(2).   Monthly
10  payments from an inmate's account will continue until the balance is paid, even if the action is
11  dismissed.

12      If Mr. Krukowski wants to file his complaint, he must prepay the $400 filing fee or
13  submit an IFP application along with the documents identified above.  However, he is advised
14  that even if he does, the court must still screen his complaint to determine if it states a valid
15  claim for relief.  *See* 28 U.S.C. § 1915A ("The court shall review, before docketing, if feasible
16  or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a
17  prisoner seeks redress from a government entity or officer or employee of a governmental
18  entity").

19      Additionally, LSR 2-1 of the Local Rules of Practice states that a "civil rights complaint
20  filed by a person who is not represented by counsel *must be submitted on the form provided by*
21  *this court*."  *Id.* (emphasis added).  Mr. Krukowski submitted a complaint on what appears to be
22  lined notebook paper, not the court's approved form.  If he wants to move forward with his
23  claims, he must submit an amended complaint on the court's approved form by **September 22,**
24  **2016**.

25      The amended complaint must contain a short and plain statement of: (1) the grounds for
26  the court's jurisdiction; (2) any claim he has showing he is entitled to relief; and (3) a demand for
27  the relief he seeks.  *See* Fed. R. Civ. P. 8(a).  The amended complaint should set forth the claims
28  in short and plain terms, simply, concisely, and directly.  *See Swierkeiewicz v. Sorema N.A.*, 534

U.S. 506, 514 (2002); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).  This means that Mr. Krukowski should avoid legal jargon and conclusions.  Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted in the amended complaint.  *Iqbal*, 556 U.S. at 678 (Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action").

Mr. Krukowski is advised to support each of his claims with factual allegations, because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr*, 652 F.3d at 1216.  When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  Mr. Krukowski should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions.  Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim.  *McHenry*, 84 F.3d at 1178.  A complaint must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged.  *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc*., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

Mr. Krukowski is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  *See* LR 15-1(a).  This is because, as a general rule, an amended complaint supersedes the original complaint.  *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, in an amended

3

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court shall FILE Plaintiff Ashton Krukowski's Complaint (ECF No. 1-1) but SHALL NOT issue summons.

2. Mr. Krukowski's Complaint is DISMISSED with leave to amend by **September 22, 2016**.

3. The Clerk of the Court shall MAIL Mr. Krukowski the following blank forms along with instructions for completing the forms: (a) Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, and (b) Application to Proceed *in Forma Pauperis* for incarcerated litigants.

4. Mr. Krukowski shall have until **September 22, 2016**, to:

   a. file the Application to Proceed *in Forma Pauperis*, along with a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account, or

   b. pay the $400 filing fee of four hundred dollars, accompanied by a copy of this Order.

5. Mr. Krukowski shall have until **September 22, 2016**, to file an amended complaint if he believes he can correct the noted deficiencies:  The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Mr. Krukowski shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" in the caption on the first page and write 2:16-cv-01782-APG-PAL in the space for "Case No."

4

7. Mr. Krukowski's failure to comply with this Order by (a) submitting an amended complaint submitting on the correct form, and (b) submitting an Application to Proceed *In Forma Pauperis* or paying the $400 filing fee, before the **September 22, 2016,** deadline will result in a recommendation to the district judge that this case be dismissed without prejudice.

8. The Motion to Freeze Proceeding (ECF No 8) is DENIED as there is no case to "freeze" or stay unless and until Plaintiff pays the filing fees or files an application to proceed *in forma pauperis*, and he receives leave of court to proceed *in forma pauperis* (meaning the court finds he qualifies for *in forma pauperis* status), and his amended complaint is screened by the court to determine whether it states a claim on which relief may be granted.

Dated this 23rd day of August, 2016.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5