UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ASHTON KRUKOWSKI,<br><br>　　　　　　Plaintiff,<br>v.<br>LVMPD, et al.,<br>　　　　　　Defendants. | Case No. 2:16-cv-01782-APG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP Apps. – ECF Nos. 15, 16) |

This matter is before the court on Plaintiff Ashton Krukowski's failure to comply with the court's Order (ECF No. 12) and his Applications for Leave to Proceed *in forma pauperis* (ECF Nos. 15, 16). These are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

On July 26, 2016, Plaintiff filed a Notice of Complaint and submitted a Complaint (ECF No. 1-1) as part of his initiating documents, but did not pay the $400 filing fee or submit an application to proceed *in forma pauperis* ("IFP"). On August 23, 2016, the court entered an Order (ECF No. 12) informing Plaintiff that he needed to either pay the $400 filing fee or submit an IFP application on the court's approved form for incarcerated litigants. Plaintiff was also told that his IFP application must include three documents:

> (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing, and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.

*Id*. at 1–2. Plaintiff was further advised that " 'a civil rights complaint filed by a person who is not represented by counsel *must be submitted on the form provided by this court*'." *Id*. (quoting LSR 2-1) (emphasis added). Plaintiff's complaint was submitted on what appeared to be lined notebook paper, not the court's approved form. Therefore, the court dismissed the complaint

1

1   with leave to amend and directed Plaintiff to submit an amended complaint on the court's
2   approved form.  The Order (ECF No. 12) also directed the Clerk's Office to mail Plaintiff a
3   blank civil rights complaint and an IFP application for incarcerated litigants.  Plaintiff was given
4   until September 22, 2016, to file: (1) an amended complaint, and (2) an IFP application, along
5   with a signed and executed financial certificate, a signed and executed financial affidavit, and a
6   statement of his inmate trust account, or to pay the $400 filing fee.  The Order warned Plaintiff
7   that a failure to submit an amended complaint on the correct form, and failing to submit an IFP
8   application or pay the $400 filing fee before the September 22, 2016 deadline would result in a
9   recommendation to the district judge that this case be dismissed without prejudice.

10   On September 2, 2016, Plaintiff filed an Application to Proceed without Prepayment of
11   Fees (ECF No. 15).  On September 8, 2016, Plaintiff filed another Application to Proceed
12   without Being Required to Prepay Filing Fee (ECF No. 16).  Neither application was submitted
13   on the IFP form mailed to Plaintiff.  Rather, Plaintiff submitted both on lined notebook paper.
14   Neither application was accompanied by a signed and executed financial certificate, a signed and
15   executed financial affidavit, and a statement of his inmate trust account.  Because Plaintiff did
16   not use the court's form, his IFP Applications do not contain the appropriate financial
17   information to allow the court to determine whether he is eligible to proceed IFP or the amount
18   of the initial partial filing fee.  Thus, the court finds that Plaintiff has not filed a completed IFP
19   application with the appropriate paperwork, filed an amended complaint, requested an extension
20   of time, or taken any other action to comply with the court's Order (ECF No. 12).  Because
21   Plaintiff has failed to comply with the court's Order, the undersigned recommends that his IFP
22   applications be denied and this case be dismissed without prejudice to his ability to commence a
23   new action in which he either pays the appropriate filing fee in full or submits a completed IFP
24   application along with the financial documents required by 28 U.S.C. § 1915.

25   Plaintiff has, however, filed a Motion for Writ of Certification/Certiorari (ECF No. 17)
26   and an Objection to Orders, Judgment, and Dismissal (ECF No. 18).  The Motion states that
27   Plaintiff has been falsely arrested with an illegal search and seizure and is being falsely
28   imprisoned against his will in an ongoing criminal prosecution in the Nevada state court.  *See*

*also* Complaint (ECF No. 13) at 7.  Plaintiff's Motion requests relief under federal habeas corpus statutes, 28 U.S.C. §§ 2241, 2254, and numerous additional federal statutes.  However, Plaintiff has filed a "Civil Rights Complaint" pursuant to 42 U.S.C. § 1983, not a habeas corpus petition.  *See Nettles v. Grounds*, --- F.3d. ----, 2016 WL 4072465, at *3 (9th Cir. 2016) (en banc) (recognizing the Supreme Court's long-standing precedent that habeas corpus is "the exclusive vehicle" for claims brought by state prisoners challenging the validity of their confinement, and such claims may not be brought in a § 1983 action) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  Plaintiff's Objection acknowledges the court's Order, but states that Plaintiff is not representing himself because he was appointed counsel.  Counsel has not entered an appearance in this court.  Plaintiff may be referring to counsel appointed by the Nevada state court to represent him in his ongoing criminal matter, and such representation may not include this civil rights action.  Plaintiff further states that he never received an order on his motion to stay before the dismissal order.  The court denied the motion to stay in the same Order (ECF No. 12) in which the complaint was dismissed with leave to amend.  The Objection provides no other substantive response to the Order.

Accordingly,

**IT IS RECOMMENDED:**

1. Plaintiff Ashton Krukowski's Applications to Proceed *In Forma Pauperis* (ECF Nos. 15, 16) be DENIED.

2. This action be DISMISSED without prejudice to the Plaintiff's ability to commence a new action in which he either pays the appropriate filing fee in full or submits a completed IFP application along with the financial documents required by 28 U.S.C. § 1915.

3. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

DATED this 30th day of September, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.